HARRY FISHER *vs.* LEONARD N. ZISMAN.

JANUARY 7, 1914.

PRESENT:   Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1)   Attorneys at Law.*

Upon a complaint against an attorney evidence considered and order entered directing payment of money converted and suspending respondent for a stated time. .

PER CURIAM.    This is a complaint against the respondent Zizman, a member of the bar, for professional misconduct. The complaint was duly referred to the Committee on Complaints against members of the bar.   Said Committee reported to this court that the respondent Zisman had a hearing before the full committee at which the parties were fully heard.   The Committee in its report to this court, filed November 25, 1913, found in substance, that the respondent was guilty as charged in the complaint, stating their findings as follows:

"It appears that the complaint grows out of the conduct of the respondent as attorney for the defendant in the cause in equity, entitled Northern Ice Cream Company *vs.* William Fisher Estate et al., No. 2952 on the Docket of the Superior Court, in which case the respondent, as attorney for the defendant, engaged the services of Mr. Champlin as associate counsel; that, after a hearing in said cause in the Superior Court, complainant, Harry Fisher, closed the account due for such services as were rendered in said case by check

dated June 29, 1912, payable to the order of Leonard N. Zisman in the sum of one hundred ($100) dollars (which check is an exhibit in this case); that said payment of one hundred ($100) dollars included the charge of twenty-five ($25) dollars of Irving Champlin, Esquire, as associate counsel; that said Champlin has not received payment for such services; that he mailed his bill for twenty-five ($25) dollars against the complainant to said Zisman on August 1, 1912, and later called Mr. Zisman's attention to the fact and was informed by him that he, Mr. Zisman, had not been paid by his clients; that subsequently in January, March and April of the year 1913, said Champlin made demand upon the complainant, Harry Fisher, and learned that he had on June 29, 1912, paid said Zisman the whole of his bill for services in said case, including the twenty-five dollars due Mr. Champlin.

"The respondent in his testimony makes no denial regarding the essential facts stated above but, by way of excuse for nonpayment, he asserts in substance that Mr. Champlin was associate counsel with him in another case— the case of Stanislas Fournier *vs.* M. N. Cartier—and because of Mr. Champlin's methods in dealing with the case of Fournier *vs.* Cartier (resulting in that case being settled without reference to Mr. Zisman) he forfeited his right to compensation in the Fisher case; and that the defence of Mr. Zisman to the complaint at bar would be developed fully in the case of Fournier *vs.* Cartier referred to, and which case is also involved in the complaint of Stanislas Fournier *vs.* Leonard N. Zisman, findings upon which are also herewith returned.

"Upon a consideration of the evidence adduced, your Committee find the facts established substantially as charged in the case at bar; they are of the opinion that the excuse offered for withholding compensation to Mr. Champlin fails; that the respondent's notion, while furnishing some explanation for his conduct in the premises, falls short of justification; that, whether the grievance was real or fancied

upon the part of said Zisman against said Champlin the complainant was entitled to have the payment made by him so applied as to relieve him from responsibility to Mr. Champlin for his services rendered in connection with said case of Northern Ice Cream Company vs. William Fisher Estate et al.

"The Committee recommend that your Honorable Body enter an order requiring Mr. Zisman to pay to Mr. Champlin, twenty-five dollars for the services rendered in such case, and such other and further order as to the Court seems proper."

Upon receiving this report this court, on December 9, 1913, gave a hearing before the full court, at which the parties were present and offered such testimony and arguments as they saw fit, but no new facts were put in evidence, and the respondent in substance, admitted the allegations of the complaint and the facts stated in the report of the Committee to be true, rather vaguely setting up the same excuse or pretext for nonpayment as set forth in the report of the Committee, above quoted.

This court finds that the respondent Zisman is guilty substantially as charged and as found in the report of the Committee; and it is ordered that the respondent pay to the said Irving Champlin, on or before the 29th day of January, 1914, the sum of Twenty-five ($25) dollars with interest thereon at the rate of six (6) per cent. per annum from the 29th day of June, 1912, when the money was received by the said respondent, to the date of payment.

And inasmuch as in our opinion, by reason of his withholding of said sum, and converting the same to his own use, and by reason of his false statements to the effect that it had never been paid to him, and because of the nature of the pretext upon which he attempted to excuse himself before the Committee and before this court, the respondent has shown a lack of appreciation of the true rules of professional conduct, and is deserving of further discipline, it is ordered that said Leonard N. Zisman be, and he is hereby

suspended from the practice of his profession as an attorney at law before the courts of the State of Rhode Island from the date of notice hereof until the first day of April, 1914, and until the further order of this court unless in the meantime it shall be made to appear to this court, that said sum of twenty-five ($25) dollars with interest thereon as aforesaid has been paid in accordance herewith.